IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Keith Poe, #29873A, | ) CIVIL ACTION NO. 9:12-3142-CMC-BM |
| Plaintiff, | ) |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Sheriff Bryant, Richard L. Martin, | ) |
| Dr. James Jewell, Tammy Dover, RN, | ) |
| and Tom Caldwel, | ) |
| Defendants. | ) |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate at the York County Jail, alleges violations of his constitutional rights by the named Defendants, including his right to adequate medical care.

The Defendant James Jewell, a physician, filed an answer to Plaintiff's complaint denying the allegations set forth therein. On that same date, Jewell also filed a one page motion for summary judgment, asserting therein that he is "entitled to summary judgment based on the pleadings and medical records of Plaintiff produced in this case and other matters", and that "there is no evidence of any medical negligence or that any acts of Defendant Jewell was [sic] the proximate cause of any injury". No supporting brief was attached to Defendant's motion, nor has the Defendant submitted any evidence to justify a grant of summary judgment on Plaintiff's claims.

Since Plaintiff is apparently a pre-trial detainee, his claims are evaluated under the



due process clause of the Fourteenth Amendment; Bell v. Wolfish, 441 U.S. 520, 535 (1979); although for purposes of consideration of Plaintiff's medical claims, the standard of whether Plaintiff received constitutionally adequate medical care is essentially the same as that for convicted prisoners under the Eighth Amendment. See Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988)[Holding that the 14th Amendment guarantees at least 8th Amendment protections]. Under this standard, the Defendant may be liable if the evidence shows that he was deliberately indifferent to Plaintiff's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Farmer v. Brennen, 511 U.S. 825, 837 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986); Wester v. Jones, 554 F.2d 1285 (4th Cir. 1977); Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975); Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990).

To obtain summary judgment, the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, must show that there is no genuine issue as to any material fact. See Rule 56, Fed.R.Civ.P. The moving party, here the Defendant Jewell, has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). However, as noted, the Defendant has submitted no evidence to support a grant of summary judgment, apparently contending that the exhibits submitted by the Plaintiff (attached to his Complaint) show that he is entitled to summary judgment. The undersigned can find no such evidence in Plaintiff's attachments. Further, Plaintiff specifically alleges in his Verified Complaint [1] that he suffers from a variety of medical problems, including chronic back pain, hepatitis C, and painful skin growths, but that when he was seen by the

---

[1] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).



Defendant at the jail, Dr. Jewell refused to order referral to an outside dermatologist for his skin condition and also failed to provide him treatment for his hepatitis C liver disease.

Given the liberal construction to which Plaintiff's pleading is entitled; see <u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), it is unclear how the Defendant believes he is entitled to summary judgment in light of Plaintiff's allegations, the fact that this lawsuit is only in its initial stages, and considering that the Defendant did not even submit a brief or any evidence in support of his motion.  See <u>Belcher</u>, 898 F.2d at 34 [The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires government officials not to be deliberately indifferent to any serious medical needs of the detainee]; <u>Cruz</u>, 405 U.S. 319 [The federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case]; <u>Temkin</u>, 945 F.2d at 718 [Moving party has the burden of proving that judgment on the pleadings is appropriate].  Therefore, the Defendant's motion should be **denied**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

December 5, 2012
Charleston, South Carolina



- 3 -

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

- 4 -

