IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Keith Poe, # 259297, ) | |
| ) | CIVIL ACTION NO. 9:12-3142-RMG-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Sheriff Bryant; Richard L. Martin; ) | |
| Dr. James Jewell, M.D.; Tammy Dover, R.N.; ) | |
| Major Robert Hudgins; Chief James Arwood; ) | |
| and Lt. Cheryl H. Guzman, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this case was filed was an inmate at the York County Jail,[1] alleges violations of his constitutional rights by the named Defendants.

The Defendant James Jewell filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on May 7, 2013. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on May 8, 2013, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the motion could be granted. Plaintiff thereafter filed a memorandum in opposition to the Defendant Jewell's motion for summary judgment on May 22, 2013. Jewell filed a supplemental memorandum in support of summary judgment on June 13, 2013,

---

[1]Plaintiff is currently incarcerated at the Evans Correctional Institution, part of the South Carolina Department of Corrections. See Court Docket No. 108.



following which Plaintiff supplemented his response to Jewell's motion on July 1, 2013 and July 26, 2013. Jewell filed a reply memorandum on August 6, 2013, and Plaintiff filed a sur reply on August 19, 2013.

By motion and Order filed August 30, 2013 and September 3, 2013, respectively, Plaintiff withdrew all claims in his Complaint relating to denial of access to the courts, and also dismissed two named Defendants (Caldwell and Fields) from the case. See Court Docket No. 115, 116. The remaining Defendants (other than Jewell) then filed their own motion for summary judgment on September 12, 2013. A second Roseboro order was entered the following day, and Plaintiff filed a memorandum in opposition to these Defendants' motion for summary judgment on October 10, 2013, following which these Defendants filed a reply memorandum on October 21, 2013. In the interim, the Defendant Jewell filed another supplemental response to his motion for summary judgment on September 18, 2013.

These motions are now before the Court for disposition.[2]

## **Background and Evidence**

Plaintiff alleges in his verified Complaint[3] that when he was booked into the York County Detention Center in June 2012 he informed jail officials of his "medical conditions", but that his medical conditions were "ignored" and he was placed into "J-Unit", which was "top level", and

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed motions for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[3]In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the factual allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). .

2



was assigned a "top bunk bed". Plaintiff alleges that after signing up for sick call where he addressed the issues of his medical conditions, he was assigned to "lower-level" and a "bottom bunk bed". Plaintiff further alleges that after August 31, 2012, he was in the general population and was assigned a bed on the floor that Plaintiff alleges looked like a boat. Plaintiff alleges that his back took a "severe beating" getting in and out of this bed. Plaintiff alleges that, after he complained, he was moved to another cell that had a bottom bunk bed with a "good mattress", which helped him "greatly". However, Plaintiff alleges he was subsequently moved from the cell with the bottom bunk with the good mattress to another cell (also with a bottom bunk), and that this move "increased [his] stress level high and anxiety in which increased my pain generally". Plaintiff also alleges that he was not compatible with his cell mate, and that on October 8, 2012 he was placed on observation status by the Defendant Nurse Tammy Dover. Plaintiff complains that Nurse Dover took this action as "pure punishment", and further complains about the conditions in this observation cell.

Plaintiff alleges that he suffers from chronic back pain, hepatitis, and a growth on the left side of his neck. Plaintiff alleges that he was seen by the Defendant Dr. James Jewell for his skin lesions, and that even though Dr. Jewell made a referral to an outside dermatologist, this referral was denied by the Defendant Dover because York County Medical Policy 402.00 did not allow such referrals. Plaintiff also alleges that the Defendant Dr. Jewell told him there was nothing anyone could do about his Hepatitis C liver disease, and that although Plaintiff complained about "hurting" in his liver area and asked that a liver panel be checked, his request was refused. Plaintiff alleges that this treatment violated his constitutional rights to adequate medical care, and also complains that the Defendant Dover denied him copies of his medical records.

In a supplement to his Complaint, Plaintiff also complains about ankle pain as a result

3



of shackles that were placed around his ankles where he had residuals from a previous shotgun wound. Plaintiff alleges that the jail officials told him they could not take him out of his cell unless he was "cuffed and shackled". Plaintiff also complains that he has medications that were supposed to be refilled but were not, and that he is discouraged "from even asking about any medications". Plaintiff complains that he "tried to grievance every issue within [the] Complaint" but that the York County Detention Center policy is "not followed according to procedures". Plaintiff also alleges that when he asked for another shirt due to the lesion area on his neck, "Office Moore" told him he would put him on sick call, but that Plaintiff told him "no" because he was afraid of being placed on observation again, which Plaintiff describes as in "lockup". Finally, Plaintiff alleges he has a history of mental health problems, but that he is not receiving treatment for this condition.

In this lawsuit, Plaintiff asks to be taken to a dermatologist for proper care regarding the growth on his neck, to a gastroenterologist for care of his liver disease and Hepatitis C, and that he also be placed back into "C-Block". Plaintiff also seeks monetary damages. See generally, Plaintiff's Verified Complaint.[4] Plaintiff has attached as exhibits to his Complaint copies of several Inmate Request Forms, as well as some medical policy forms and letters regarding his medical requests.

In support of summary judgment in the case, the Defendants have submitted numerous affidavits and exhibits setting forth the medical care and treatment Plaintiff was provided while he was incarcerated at the York County Detention Center. This evidence includes affidavits from licensed physicians discussing Plaintiff's treatment, the number of times he was seen by medical

---

[4]Plaintiff had some additional allegations and claims in his Complaint relating to access to the courts. However, as previously noted these claims have been dismissed. See Court Docket Nos. 115, 116.

4



staff, that they do not believe Plaintiff has any condition which could be described as acute or which constituted an emergency, and attesting that Plaintiff was provided appropriate and timely medical attention including medications and referrals. See generally Affidavits of Gerald Jebaily and Richard Jewell. See also Affidavit of Tammy Dover, Registered Nurse. See generally, Exhibits (Court Docket Nos. 79-2-7; 104-1-2; 119-3 [Evidence relating to Plaintiff's medical treatment].

The Defendants have also submitted an affidavit from the Defendant James Arwood, who attests that he is the Chief Jail Administrator of the York County Detention Center. Arwood attests that, in this position, he oversees and manages the operations of the Detention Center. Arwood attests that Plaintiff was initially booked into the Detention Center on or about June 11, 2012, and was released on or about June 11, 2013. Arwood also attests that the Detention Center has a grievance procedure, and that if an inmate cannot achieve an informal solution to resolve a complaint, they may pursue their grievance by using the Inmate Grievance Form and procedure. Arwood attests that the inmate is required to complete the grievance form to include specific information concerning the circumstances and details underlying the complaint, and any and all informal actions that have been taken to resolve the grievance. This form must be signed, dated, and filed within 72 hours of date of the incident or event that is the basis for the grievance. Arwood attests that this grievance form may then be provided to any Detention Center officer, following which the assistant administrator/security commander and/or watch commander generally has seven (7) days in which to investigate the grievance and respond to the inmate with the decision in writing. Arwood attests that, ultimately, the Chief Administrator reviews the contents of each and every grievance and resolution of each prior to it being filed, secured, and maintained in the administrative offices.



Arwood further attests that if an inmate is unsatisfied with the initial response received to his grievance, they must appeal the decision in writing to the Chief Administrator within 7 days of the receipt of the decision. The Chief Administrator thereafter reviews the original Inmate Grievance form, the assistant administrator/security commander's decision, and sends a written reply to the inmate within 7 days of receipt of the appeal. Arwood attests that all of these grievance and appeal related policies are expressly provided for in the Detention Center Policy and Procedures, a copy of which are attached to his affidavit as Exhibit A.

Arwood attests that on July 2, 2012, Plaintiff was issued Grievance Form No. 12-G0007J, in which Plaintiff complained about some of his medical care and treatment by medical staff. Arwood has attached a copy of Plaintiff's grievance form to his affidavit as Exhibit B. Arwood attests that Nurse Dover addressed the issues set forth in Plaintiff's grievance in writing on July 6, 2012, that Plaintiff accepted the informal resolution offered by Nurse Dover on July 6, 2012, and the matter was deemed closed at that time, following which Plaintiff failed to ever initiate any appeal relating to the allegations in his Complaint. See Affidavit, attached Exhibit B. Arwood further attests that, other than this single resolved grievance, Plaintiff never filed any other grievance with respect to any issues raised in his Complaint. See Affidavit, attached Exhibit C. Arwood attests that, therefore, the Plaintiff did not exhaust his administrative remedies with respect to the allegations of his Complaint prior to filing this lawsuit. See generally, Arwood Affidavit, with attached Exhibits.

In support of his claims, Plaintiff has provided an affidavit as an attachment to a motion to amend/correct his Complaint on January 11, 2013 (Court Docket No. 46-1); copies of some discovery documents and "medical notations" (Court Docket No. 85-1-2); some picture exhibits (Court Docket No. 103-1); and some additional photos, discovery responses, and printouts



concerning Hepatitis C (Court Docket No. 126-1-3). However, none of these exhibits or Plaintiff's affidavit address the evidence submitted by the Defendants that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit.

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments and evidence presented, the undersigned finds that the Defendants are entitled to summary judgment in this case.

First, with respect to Plaintiff's various requests for medical care and treatment from these Defendants and/or to be assigned to certain cell blocks within the jail, as Plaintiff is no longer incarcerated at the York County Detention Center, these claims are all moot. See Williams v. Griffin,



952 F.2d at 823 ["[T]he transfer of a prisoner render[s] moot his claim for injunctive and declaratory relief."]; Taylor v. Rogers, 781 F.2d 1047, 1048 n. 1 (4th Cir. 1986) [holding that prisoner's transfer mooted a request for declaratory and injunctive relief]. With respect to Plaintiff's damages claim, this claim survives his transfer to another institution. See Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976). Even so, as discussed hereinbelow, Plaintiff's claim for damages is also subject to dismissal.

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, Congress has mandated exhaustion regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed on his claims in this Court, he must first have exhausted the Detention Center's administrative remedies.

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 549 U.S. 199 (2007). To meet this burden, the Defendants have submitted the affidavit from the Defendant Arwood, with attached



8

exhibits, detailing the grievance procedure in effect at the jail and showing that, because Plaintiff accepted the resolution of his grievance and did not appeal, he failed to exhaust his administrative remedies pursuant to this grievance procedure prior to filing this lawsuit. See Jordan v. Miami-Dade County, 439 F.Supp.2d 1237, 1241-1242 (S.D.Fla. 2006)[Remedies not exhausted where inmate did not appeal denial]; cf. Sullivan v. Coleman, No. 06-1588, 2006 WL 3759757, * 6 (D.S.C. Dec. 18, 2006)[Finding that inmate abandoned grievance where he failed to properly complete and return Step 2 Inmate Grievance Form]. Plaintiff has presented no evidence whatsoever to contest the Defendants' evidence with respect to this issue, and indeed does not even address this issue in any of his exhibits.[5]

In the briefs and memoranda he has filed in opposition to the Defendants' motions for summary judgment, the only time he mentions exhaustion is in his response memorandum (Court Docket No. 126) where he both states contradictorily that "York County" would not provide him a grievance *and* that he had been told Dover responded to his grievance. The only time Plaintiff ever references pursuing a grievance in the body of his Complaint is when he states in his Complaint that he "tried to grievance every issue within my complaint" but that the Detention Center had not "followed according to procedures". This wholly unsubstantiated and self serving statement is not sufficient to avoid summary judgment in light of the contrary documentary evidence provided to this Court, which includes a copy of a grievance filed by the Plaintiff with a response bearing his

---

[5] As part of his filings in this case, Plaintiff has submitted copies of several Requests to Staff Member Forms. Request to Staff forms are not grievances, and therefore Plaintiff being dissatisfied with responses he may have received to these request forms, assuming that were to be the case, would not constitute exhaustion of the grievance process. Rather, to exhaust his administrative remedies, Plaintiff had to pursue *grievances* concerning these issues. Davis v. Minthorn, No. 05-326, 2006 WL 2222700 (E.D.Tenn. Aug. 2, 2006) [Submission of inmate request form not sufficient to exhaust grievance remedy].

9



signature, as well as the sworn statement of the Defendant Arwood.[6] Cf. Malik v. Sligh, No. 11-1064, 2012 WL 3834850, at * 5 (D.S.C. September 4, 2012), aff'd. 507 Fed. Appx. 294 (4th Cir. 2013) [Finding that a self serving affidavit from the Plaintiff was "simply not enough to create a genuine dispute as to any material fact" in light of the other evidence that disputed the credibility of Plaintiff's self serving claims]; see also Drakeford v. Thompson, No. 09-2239, 2010 WL 4884897, at * 3 (D.S.C. November 24, 2010), citing Larken v. Perkins, 22 Fed. Appx. 114, 115 (4th Cir. 2001)[Noting that non-movant's "own, self-serving affidavit containing conclusory assertions and unsubstantiated speculation, . . . [is] insufficient to stave off summary judgment"]; Silvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995)[Explaining that while the party opposing summary judgment is entitled to the benefit of inferences that can be drawn from the evidence, "[p]ermissible inferences must still be within the range of probability" and that "[w]hether an inference is reasonable cannot be decided in a vacuum; it must be considered in light of the competing inferences to the contrary"(internal quotation marks omitted)]; see also Harvey v. City of Philadelphia, 253 F.Supp.2d 827, 829 (E.D.Pa. 2003) [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants' evidence that he did not pursue his administrative remedies].

In sum, the evidence before the Court clearly shows that Plaintiff failed to exhaust the

---

[6]The undersigned is also constrained to note that, directly in contrast to this statement, Plaintiff alleges in a separate part of his Complaint that he both filed a grievance concerning his claims in this matter and received a final response. Plaintiff's Complaint, Section II(C) and (D). Cf. Bickerstaff v. Vassar College, 196 F.3d 435, 455 (2d Cir. 1999) ["It is beyond cavil that a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that...contradicts the affiant's previous deposition testimony."] (internal quotations and citations omitted); Kennedy v. Allied Mutual Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991) [party cannot create issue of fact by contradicting prior testimony].

10



administrative remedies that were available to him at the Detention Center with respect to his claims prior to filing this lawsuit. Therefore, the Defendants are entitled to summary judgment in this case. Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"]; Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)["It is beyond the power of this court - or any other to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."](quoting Beeson v. Fishkill Corr. Facility, 28 F.Supp. 2d 884, 894-895 (S.D.N.Y. 1998)); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility]; Cannon, 418 F.3d at 719 [Prisoner may not file a lawsuit before exhausting his administrative remedies]; Jordan, 439 F.Supp.2d at 1241-1242 [Remedies not exhausted where inmate did not appeal denial].

## **Conclusion**

Based on the foregoing, it is recommended that the Defendants' motions for summary judgment be **granted**, and that this case be **dismissed,** without prejudice, for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

October 29, 2013
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

