IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED CLERK'S OFFICE

2013 NOV 21  A 9: 57

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

| | |
|---|---|
| Richard Keith Poe, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 9:12-cv-3142-RMG |
| v. ) | |
| ) | |
| Sheriff Bryant, Richard L. Martin, ) | **ORDER** |
| Dr. James Jewell, M.D., Tammy ) | |
| Dover, R.N., Major Robert Hudgins, ) | |
| Chief James Arwood, and ) | |
| Lt. Cheryl H. Guzman, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge recommending this Court grant Defendants' motions for summary judgment and that this case be dismissed without prejudice. (Dkt. No. 128). For the reasons set forth below, the Court agrees with and adopts the R & R as the order of the Court.

## Background

Plaintiff Richard Keith Poe, who at the time this case was filed was an inmate at York County Detention Center, brings this 42 U.S.C. § 1983 action *pro se* alleging violations of his constitutional rights by the named Defendants. Through his Complaint, Plaintiff seeks medical care and monetary damages. (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, this matter was automatically referred to a United States Magistrate Judge. Defendant James Jewell filed a motion for summary judgment on May 7, 2013. (Dkt. No. 79). Plaintiff filed a memorandum in opposition on May 22, 2013. (Dkt. No. 85). Defendant Jewell filed a supplemental memorandum in support of summary judgment on June 13, 2013. (Dkt. No. 89). Plaintiff then supplemented his response on July 1, 2013, and July 26, 2013. (Dkt. Nos. 98,

1

103). Defendant Jewell filed a reply memorandum on August 6, 2013, and Plaintiff filed a sur reply on August 19, 2013. (Dkt. Nos. 104, 111).

By motion filed August 30, 2013, (Dkt. No. 115) and order filed September 3, 2013, (Dkt. No. 166), Plaintiff withdrew all claims in his Complaint relating to denial of access to the courts and dismissed two named defendants from the case. The remaining defendants, aside from Jewell, filed a motion for summary judgment on September 12, 2013. (Dkt. No. 119). Plaintiff filed memorandum in opposition to summary judgment on October 10, 2013. (Dkt. No. 126). Defendants filed a reply memorandum on October 21, 2013. (Dkt. No. 127). On October 29, 2013, the Magistrate Judge issued the present R & R recommending the Court grant Defendants' motions for summary judgment. (Dkt. No. 128). Plaintiff then failed to file timely objections to the R & R.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a

2

cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## Discussion

As to Plaintiff's requests for medical care by the Defendants or to be transferred to a specific cell, Plaintiff is no longer an inmate at York County Detention Center, making his requests moot. *See Taylor v. Rogers*, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986) (holding that prisoner's transfer mooted a request for declaratory and injunctive relief). Therefore, this request is properly denied.

As to Plaintiff's claim for monetary damages, the Magistrate Judge accurately points out that this claim is subject to dismissal pursuant to 42 U.S.C. § 1997e(a) which states, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. *See Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005) (inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant).

Here, Defendants have satisfied this burden with exhibits detailing the grievance process and showing that Plaintiff failed to exhaust this remedy. Plaintiff has not presented any evidence to the contrary. He has only mentioned exhaustion in his response memorandum where he states contradictorily that "York County" would not provide him a grievance *and* that he had been told Dover responded to his grievance. (Dkt No. 126). This statement is not sufficient to avoid summary judgment in light of the contrary documentary evidence provided to this Court. *See Malik v. Sligh*, No. 5:11-1064-RBH, 2012 WL 3834850, at *5 (D.S.C. Sept. 4, 2012), *aff'd*, 507

Fed. App'x 294 (4th Cir. 2013) (finding that a self serving affidavit from the Plaintiff was "simply not enough to create a genuine dispute as to any material fact" in light of the other evidence that disputed the credibility of Plaintiff's self serving claims).

The evidence before the Court shows that Plaintiff failed to exhaust the administrative remedies that were available to him at the Detention Center. Therefore, Defendants are entitled to summary judgment in this case.

## Conclusion

For the reasons given above, this Court adopts the Magistrate Judge's R & R in full. (Dkt. No. 128). Accordingly, Defendants' motions for summary judgment, (Dkt. Nos. 79, 119), are GRANTED and this case is dismissed without prejudice.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 21, 2013
Charleston, South Carolina